TURNER A. BEALL et al.

*v.*

THE NEW YORK AND NEW JERSEY WATER COMPANY et al.

[Decided July 16th, 1917.]

1. On final hearing in the court of chancery but one decree may be entered, no matter how numerous the parties or the issues.

2. The purpose to be accomplished by a decree in equity is to finally settle and determine the rights of all persons interested in the subject-matter of the suit.

3. In a decree in chancery there need not be, in the ordering or mandatory part, an adjudication of the existence of facts warranting such decree, although they may be stated in the recital preceding the decretal paragraph, or may be omitted entirely.

4. There should be an adjudication in a decree of the *rights* to which a party or parties are entitled.   This does not include *several* negative adjudications against the complainant as to precise questions put in issue on which he is unsuccessful, but it is only necessary that a general adjudication in favor of defendant, so far as he is successful, need be made, unless there are specific matters or things to be awarded to him and which cannot appropriately be made the subject of an *omnibus* adjudication.

5. While it. seems that every matter put in issue by the pleadings is to be presumed to have been adjudicated, if there be a decree. for or against one or more of the parties ,to the suit, yet for greater certainty, it is better formally to adjudicate in terms all issues in a chancery suit, either generally or specifically, as the nature of the case may require; and a decree can always be so framed.

6. The allowance of a counsel fee to a party to a suit in equity under the Chancery act (*P. L. 1902 p. 540 § 91,* amended *P. L. 1910 p. 427*) is discretionary.

7. The rule is that where a complainant and a defendant are each successful on one or more substantial issues, neither party is entitled to costs or counsel fee against the other.

8. When a complainant prevails in part, and a defendant in part, the complainant is entitled to enter the decree, which should adjudicate the relief to which he is entitled and dismiss the bill as to the relief to which he is not entitled, reciting that the cause came on for hearing in the presence of counsel for the respective parties, naming the parties and counsel, but not reciting that the decree is entered upon the motion of counsel for either party, the name of complainant's solicitor only being endorsed on the back of the decree. [a]

On motion for the settlement and entry of decree.

*Messrs. Collins & Corbin,* for the complainants.

*Messrs. McCarter & English,* for the defendants New York and New Jersey Water Company and others.

*Messrs. Fort & Fort,* for the defendant J. Gilmore Fletcher.

WALKER, CHANCELLOR.

This cause was heard before the Hon. James E. Howell, vice-chancellor, who filed an opinion and died before advising a decree. Counsel for complainants, on due notice to defendants, have moved before me for the settlement of a decree in accordance with the views expressed in the late vice-chancellor's opinion.

The vice-chancellor prefaced his opinion with a statement of the objects of the suit and the prayers for relief, and observed that the scope of the bill and application for relief are much broader than the points submitted at the hearing. After stating the relief to which the complainants are entitled, he remarked

that the remainder of the points taken by the complainants must be decided in favor of the defendants; that is to say, the decree must provide that, as to those points, the complainants' allegations and proofs fail to make an actionable case against the defendants, which points he shortly described, and indicated the reasons that led to his conclusions concerning them.

Messrs. Collins & Corbin, for the complainants, submit a form of decree to be entered as on their motion, making appropriate recital of the reference, hearing, filing of opinion and death of the vice-chancellor before decree made, and notice of the present application to the chancellor to settle the decree, which draft adjudges the affirmative relief only decided upon in the opinion, and does not contain any adjudication of a negative character, namely, that complainants are not entitled to relief as to any of the several matters concerning which the allegations and proofs failed to establish an actionable case against defendants, which would be affirmative in its character so far as the defendants are concerned. This form of decree provides for costs and counsel fees to the complainants against the individual defendants.

Messrs. McCarter & English, on behalf of the defendants whom they represent, also submit a draft of decree, not expressed to be made on motion of any counsel, but with their firm name endorsed on the back thereof, which decree first adjudges that certain of the relief prayed be denied, and then decrees the affirmative relief to which the complainants are entitled, but is silent on the question of counsel fee and costs.

Messrs. Fort & Fort, representing the defendant J. Gilmore Fletcher, also submit a form of decree, as on their motion, which adjudges that in so far as any relief is prayed against their client, the bill be dismissed, and that he recover against the complainants his costs of suit, including a counsel fee.

Messrs. Collins & Corbin insist that they are entitled to enter the decree on behalf of the complainants, that it should not contain any negative adjudications against them, which would be affirmative ones in favor of defendants, and that the defendant Fletcher is not entitled to have the bill dismissed as against him, with or without costs and counsel fee.

The assertion made on behalf of Fletcher that he is charged with fraud personally, dissociated from the other defendants, is not borne out. His counsel's claim is that he was made a defendant and relief prayed against·him because of various specific allegations of fraud on his part as director of the New York and New Jersey Water Company. He was, moreover, a director of the Suburban Water Company, and one of the transactions directed in the opinion to be set aside is a proceeding by Fletcher and his fellow-directors of both the New York and New Jersey Water Company and the Suburban Water Company, which resulted in procuring $125,000 of the bonds of the New York and New Jersey Water Company for the benefit of the Suburban Water Company, in exchange for a certain conveyance, which the opinion holds is unlawful and should be set aside, because five of the directors, including Fletcher, were directors of both companies—interlocking directors—which imparted to the transaction the character of a dominant corporation obtaining an advantage of a servient one.

The first question presented is as to who is entitled to enter the decree.

The purpose to be accomplished by a decree in equity is to finally settle and determine the rights of all persons interested in the subject-matter of the suit. See the remarks of Vice-Chancellor Van Fleet in *Jones* v. *Davenport, 45 N. J. Eq. 77* (reversed *46 N. J. Eq. 237*, but not on this point). On final hearing but *one* decree is entered, no matter how numerous the parties or the issues.

In a decree in chancery there need not be in the ordering or mandatory part an adjudication of the existence of *facts* warranting such decree, although they *may* be stated in the recital preceding the decretal paragraph or may be omitted entirely (*Bull* v. *International Power Co., 84 N. J. Eq. 6*); but there should be an adjudication in a decree of the *rights* to which a party or parties are entitled. This does not include, as I understand it, several negative adjudications against a complainant as to precise questions put in issue and on which he is unsuccessful, but that it is only necessary that a general adjudication in favor of the defendant, so far as he is successful, need be made, unless,

of course, there are specific matters or things to be awarded to him and which cannot appropriately be made the subject of an *omnibus* adjudication. This, I think, appears from the mere contemplation of the fact that if the complainant were wholly unsuccessful a simple decree would be entered reciting that he was not entitled to relief touching the matters set forth in his bill, and that the bill should be dismissed, and that, too, without long recitals, to the effect that he was not entitled to this and that specific relief, &c.

It is true that the vice-chancellor states in his opinion the allegations in the bill which the proofs failed to establish, and says that the decree must provide, as to them, that an actionable case was not made. This does not indicate to me, however, that he meant that they should be set out *seriatim* in the decree; and I think the decree will afford the defendants all the protection they need by a clause dismissing the bill as to all and singular the matters and things alleged therein, and which are not adjudged in favor of the complainant. This form of decree would give the defendants all they are entitled to by way of estoppel of record against any other suit or action by the complainants, or those in privity with them, with reference to any of the allegations of the bill which are not adjudicated in their favor.

Every matter put *in issue* by the pleadings is undoubtedly to be presumed to have been adjudicated, if there be a decree for or against one or more of the parties to the suit. And yet the expression of the judges in the decided cases generally is that a former judgment is conclusive as to all demands *in issue and adjudicated* in the former suit. *Southern Pacific Railroad Co.* v. *United States, 168 U. S. 1; 40 L. Ed. 355; Willoughby* v. *Chicago Railways Co., 50 N. J. Eq. 656.* In any event, for the sake of greater certainty, it would appear to be better to formally adjudicate in terms all issues in a chancery suit, either generally or specifically, as the nature of the case may require; and a decree can always be so framed. The form of judgments of courts of law are not as elastic as decrees in equity, and sometimes do not show what were the points submitted for decision. In this situation it seems that resort may be had to parol evidence to

show what was submitted and decided.  See *Wells Res Adju.* §
*102.*

Now, as to the question of costs:  It has already been ob-
served that each of the parties, complainants and defendants,
have succeeded in part, and, I should add, that both sides have
succeeded on substantial issues.

In *Diocese of Trenton* v. *Toman, 70 Atl. Rep. 881,* I held,
when vice-chancellor, that under the Chancery act (*P. L. 1902 p.
540 § 91*) the allowance of a counsel fee to complainant was dis-
cretionary.  That section was amended in 1910 (*P. L. 1910 p.
427*), but in no way which is important with reference to the
case now before me.  The allowance of counsel fee to one party
against another in a case like the one *sub judice* is not compul-
sory, but discretionary, and, therefore, the rule that where the
complainant and defendant are each successful on one or more
substantial issues, neither is entitled to costs as against the other,
applies; and this, obviously, extends to counsel fees as well.

The result reached is that a decree may be entered by the com-
plainants' solicitors granting the relief to which complainants are
entitled, as stated in the opinion of the late vice-chancellor, con-
taining a paragraph dismissing the bill as to all and singular the
matters and things alleged against the defendants and which are
not in and by the decree adjudged to the complainants, and also
a paragraph to the effect that neither of the parties, complain-
ants or defendants, is entitled to costs and counsel fees as against
the other or others, with the right reserved to the complainants
to apply for costs and counsel fee to be paid by the New York
and New Jersey Water Company out of such avails as may be
gotten for it by and through the relief awarded in the decree.

Now, as to the form of the decree:  In our practice it is quite
usual, in the ordering part of a decree, to recite that it is made
upon motion of counsel, naming them, for the party entering the
decree; but, I think that where a complainant prevails in part,
and is consequently entitled to enter a decree, that decree, where
a negative adjudication is to be made against the complainant,
which is affirmative so far as the defendant is concerned, ought
not to be entered apparently on the motion of complainants'
counsel, when, in truth, it is not, and I think it unusual to enter

a decree with alternate recitals of motions made on behalf of complainants and defendants, naming counsel as moving for the respective parties, for the specific relief accorded to each. I concede that this may be done without impropriety, and yet I am unaware of any practice authorizing it. In this connection I have taken occasion to look up some forms of decrees for the purpose of ascertaining whether or not such a practice as just referred to exists. In the forms printed in the *Equity Draftsman —American Notes, 1861*—(at *p. \*823 et seq.*), the decrees are not expressed to be made upon the motion of counsel. The decree in *Page v. Harris,* commencing at *p. \*830,* is one awarding relief to both complainant and defendant; and (at *p. \*832*) it is recited that the matter came on "in the presence of counsel learned on both sides," and the ordering part commences, "and his honor doth declare that the plaintiff is entitled to," &c. And, further on, it is ordered that "the said plaintiff do forthwith grant and execute to the said defendant," &c.

It may be that the reason that the English decrees in chancery were not expressed to be made on motion of counsel, naming them, was because the decrees were not signed by the chancellor, but were drawn up by the register of the court in conformity to the chancellor's opinion. *Dan. Ch. Pl. & Pr. \*1008 et seq.* However this may be, our own approved forms of decree seem to have been drawn upon the English model, for, in *Dick. Ch. Prec.* (*rev. ed.*), the form of a final decree (at *p. 178*), while it recites the presence of counsel, does not purport to be made on motion of counsel. This is true of the forms of decrees in foreclosure proceedings (at *p. 361 et seq.*) and of a final decree of divorce (at *p. 463*).

The decree to be entered in the case at bar will recite that the cause came on for hearing in the presence of counsel for the respective parties, naming the parties and counsel, but will not recite that it is made on motion of counsel for any one of them. The decree will, however, be entered by the complainants' solicitors, whose firm name will be endorsed upon the back thereof. The draft must be submitted to defendants' solicitors who, if they object to its form, will be heard on that question.