JOHN GRUNSTRA, complainant-appellant,

*v.*

NEW-ARK PETROLEUM CORPORATION, defendant-respondent.

[Submitted May term, 1932. Decided October 17th, 1932.]

*Mr. Benedict Krieger,* for the appellant.

*Mr. Isaac Gross,* for the respondent.

The opinion of the court was delivered by

HETFIELD, J.

This is an appeal from an order of the court of chancery awarding Samuel B. Feld a counsel fee of $2,000. The record shows that a bill of complaint was filed in that court by Feld, as solicitor for Benjamin B. Orbach, against the New-Ark Petroleum Corporation, praying for the appointment of a receiver. A similar bill had been filed by Benedict Krieger, as solicitor for Bernard Plog. As the two suits involved the same facts and issues, and sought the same relief, they were consolidated by an order of the court, on May 13th, 1929, and subsequently, both Krieger and Feld acted as solicitors for the complainants. An order was advised by Vice-Chancellor Bentley (now deceased) on July 22d, 1929, which among other things, awarded Mr. Krieger a counsel fee of $4,000, but did not provide for any compensation to Mr.

Feld, and the making thereof was consented to by Mr. Krieger alone, on behalf of the complainants. It does not appear that Mr. Feld had any knowledge that such an application would be made. On December 2d, 1929, Vice-Chancellor Bentley also advised an order allowing a counsel fee of $2,500 to Mr. Feld, after due notice had been given the solicitor for the defendant company. This order was never appealed from. The record indicates that on April 3d, 1929, an order was advised by Vice-Chancellor Lewis, appointing a master to investigate the affairs of the company, and subsequently, by an order advised by Vice-Chancellor Bentley, on July 22d, 1931, the entire proceedings were dismissed, with the exception that the special master, appointed by said order, was to continue performing his duties, in passing on the validity and payment of claims filed against the corporation. A bill of complaint was filed by the present appellant, on January 9th, 1930, and as a result thereof, an order was entered, adjudging the defendant in the present case insolvent, and appointing a receiver, who on March 30th, 1931, filed a petition with the court, requesting instructions with respect to the order advised by Vice-Chancellor Bentley, awarding the counsel fee of $2,500 to Mr. Feld, and stating therein that Mr. Feld had offered to accept, in full payment of his claim, the sum of $2,000. The compromise was approved of by the court, and an order entered accordingly.

It is contended by the appellant, that the order complained of was terminated by the order of dismissal; and we do not agree, as the order of dismissal excepted the duties of the special master, with respect to the payment of claims. The appellant also argues, that the power of the court to award a counsel fee was terminated by the consolidation of the Plog and Orbach suits. This is not so, because it was within the sound discretion of the court of chancery to consolidate these actions, and it appears that they were thereafter continued as one suit. The record clearly indicates that Mr. Feld performed some legal services, having filed one of the original bills, and continued as solicitor for sometime subsequent to the consolidation; and while there is no proof of the filing of

any statement, relating to the exact services rendered, the presumption is that the vice-chancellor who made the allowance of $2,500, had knowledge of the extent and value thereof. It is well settled that the allowance of counsel fees in a chancery suit is within the sound discretion of the chancellor, and will not be disturbed on review, unless there is an abuse of the discretion; and the records do not show that there was any in the present case.

We concur with the statement made by the vice-chancellor when deciding the case, to the effect that while there had been irregularities in the proceedings relating to the several causes wherein the present defendant was involved, he deemed himself bound to give effect to the order made by Vice-Chancellor Bentley, awarding a counsel fee to Mr. Feld, upon the ground that there had been no appeal taken from the order, and that the time for an appeal had expired, and also, that the fund which came into the hands of the present receiver is the same which by the order of the same vice-chancellor was entrusted to the special master, who, under the direction of the court, accounted therefor to the receiver. The appellant also contends that the order complained of was made without the taking of testimony. We cannot conceive why the appellant should complain of this, for the reason that the order did not increase, but reduced the sum which had been awarded and established by the order of Vice-Chancellor Bentley. The relief to which the appellant contends he is entitled, is in effect, that the vice-chancellor, who made the order complained of, should have dismissed the one advised by Vice-Chancellor Bentley, even though the time had expired for taking an appeal, which would be unsound, as the court of chancery has no power over its orders and decrees after the time fixed for the taking of an appeal, except in cases of newly discovered evidence, or where there is some special equity that would give the court the discretionary power to make the order. In the case of *Nash* v. *Leiderman & Nash Building Co., 103 N. J. Eq. 287,* this court considered the question of the power of the court of chancery over its orders, after the time fixed for taking an appeal, and said, in

part, as follows: "If this be within the province of the Court of Chancery then there is no finality to any order which the court can make, for if an order can be made modifying an order made two years and three months prior thereto an order of modification could as well be made ten or twenty years subsequent to the making of the original order. If this be the law the right accorded a party by a former order would never be secure. A party could, after years of diligence in the prosecution of a claim, as in the present case, be deprived of the benefits reserved to it in a former order. The same principle which applies to a decree of the court of chancery applies to an order of said court."

The order under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.