FRANKLIN E. BARR et al., complainants-respondents,

*v.*

THE BOROUGH OF BELMAR et al., defendants-appellants.

[Argued February 7th, 1935.   Decided May 17th, 1935.]

*Mr. Harry R. Cooper,* for the respondents.

*Messrs. Collins & Corbin (Mr. Edward A. Markley,* of counsel), for the appellants.

PER CURIAM.

One of the grounds of appeal in this case is that the court erroneously decreed, *inter alia,* that appellants, defendants below, pay to the respondents, complainants below, as part of their taxed costs, a counsel fee of $2,500.

It is, of course, well settled that the allowance of counsel ·fees in a chancery suit is within the sound discretion of the chancellor, and will not be disturbed on review, unless there is an abuse of discretion.   *Grunstra* v. *New-Ark Petroleum Corp., 111 N. J. Eq. 451, 453.*

The record, on this point, is not very helpful. There is no proof of the filing of the usual statement, relating to the exact services rendered, therefore, the presumption ordinarily is that the vice-chancellor, who made the allowance, had knowledge of the extent and value thereof. *Grunstra* v. *New-Ark Petroleum Corp., supra.*

While counsel for respondents makes reference in his brief to the probable time spent by him in the preparation for trial, the drawing of the brief; and the alleged comment of the vice-chancellor, on the insistment before him that the allowance of such a large fee would work a hardship on the borough of Belmar, namely, that his decision was of such great benefit to the people of the borough, that they would gladly bear the fee for the security afforded them by the instant decree, nevertheless, proof of the facts so argued are not made to appear before us nor have we been able to find them in the record. Argument is no substitute for proof. The only fact apparently conceded by counsel for the respective parties is that it took a day and a half to try this case. There is, of course, the rational inference to be drawn that counsel for respondents undoubtedly did do some extra work; but, as indicated, we are without definite proof as to the exact services rendered.

Under these circumstances we are of the opinion that the usual presumption of knowledge as to the exactness and value of the services rendered, as determined by the court below, finds no support in the record of the proofs before us. We think that the fee is excessive and should be reduced to the sum of $1,500.

Otherwise, we concur in the views expressed by the learned vice-chancellor, which are reported in *116 N. J. Eq. 466.*

With the modification herein indicated the decree is affirmed.

*For modification*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 12.