Oscar B. Cintas and Milton M. Unger, appellants-respondents,

*v.*

American Car and Foundry Company and Maranwood Corp., respondents-appellants.

[Argued October 25th, 1943. Decided March 23d, 1944.]

*Mr. Milton M. Unger, pro se,* and for Oscar B. Cintas.

*Messrs. Wall, Haight, Carey & Hartpence,* for American Car and Foundry Company.

*Messrs. Armstrong & Mullen,* for Maranwood Corp.

*Messrs. Kristeller & Zucker,* for Martha S. Levy, *amicus curiæ.*

Per Curiam.

The order of the court below is affirmed, with respect to the item of $31,839.50 for counsel fee and with respect to the item of $2,200 for moneys paid to the accountants, and reversed as to the item of $2,000 for counsel fee in this court and as to the item of $124.17 for printing the brief on appeal.

The cause is remanded to the Court of Chancery to the end that the order under appeal may be modified in accordance herewith.

Since appellants, Cintas, Unger and American Car and Foundry Company have prevailed in part, no costs will be allowed as between them, but costs will go in favor of the appellants Cintas and Unger, against Maranwood Corp. No costs are allowed Martha S. Levy, who appeared and filed a brief as *amicus curiæ.*

PERSKIE, J. (Dissenting.) I am in accord with the result reached by the majority save that I regard inadequate the final allowance, under the order of July 9th, 1940, to Mr. Milton M. Unger, solicitor of the complainant, of $31,839.50 for his services in connection with the recovery of dividends for the benefit of the preferred stockholders in this cause. *Cintas* v. *American Car and Foundry Co., 133 N. J. Eq. 301; 32 Atl. Rep. (2d) 90.*

Ordinarily, I would not deem the mere difference of opinion as to the *quantum* of a counsel fee, for services rendered in a given cause, a sufficient justification for stating my reasons for differing with the majority. I do so in this instance because of the importance of the issues involved and the close vote in the disposition thereof.

The solicitor's ground of appeal is that the fee is inadequate and not on the ground of an abuse of judicial discretion. Is that fatal if he is otherwise entitled to an increase? I do not think so.

True, there are any number of cases which contain language to the effect that the allowance of a counsel fee and the amount thereof rests in the "discretion" of the "Chancellor," and that this court will not disturb his findings, on review, in the absence of an "abuse of discretion." *Cf. Beall* v. *The New York and New Jersey Water Co., 87 N. J. Eq. 390, 395; 101 Atl. Rep. 576; Grunstra* v. *New-Ark Petroleum Corp., 111 N. J. Eq. 451, 453; 162 Atl. Rep. 746; Barr* v. *Belmar, 118 N. J. Eq. 279; 179 Atl. Rep. 31; Dolan Dining Co.* v. *Cooks, &c., Local No. 399, 126 N. J. Eq. 210, 212; 15 Atl. Rep. (2d) 453.*

How then is it to be determined whether an allowance to counsel in a given case is or is not the result of an "abuse of discretion?" The answer depends upon the meaning given to this phrase. It is an unfortunate phrase because it is not free from the inference that its exercise springs from a mind determined to accomplish a deliberate result without regard to lack of judicial power so to do. What does this phrase mean? Its meaning finds classic expression in the words used by Lord Mansfield in *Rex* v. *Wilkes, 4 Burr. 2527, 2530,* which read as follows: "But discretion, when

applied to a court of justice means sound discretion, guided by law. It must be governed by rule not by humor. It must not be arbitrary, vague and fanciful, but legal and regular." *Cf. State* v. *Then, 114 N. J. Law 413, 416; 177 Atl. Rep. 87.* If I understand this definition it means that the exercise of a discretionary power must be bottomed on the cardinal factors of sound reason, fairness and justice. Thus in actions at law, in which the granting or refusing to grant a new trial because of an allegedly excessive verdict lies in the discretion of the trial court, this court will not review the judgment unless the asserted abuse of discretion is a "shock to reason and to justice." *Nelson* v. *Eastern Air Lines, Inc., 128 N. J. Law 46, 58; 24 Atl. Rep. (2d) 371; Chiesa* v. *Public Service, &c., Transport, 128 N. J. Law 69, 72; 24 Atl. Rep. (2d) 369.* In actions in equity, the great weight which we give to factual findings in the court below imposes no restraint upon this court to make its independent factual findings on the issue of abuse of discretion or on any other relevant issue. *Naame* v. *Doughty, 109 N. J. Eq. 535; 158 Atl. Rep. 501; Real Estate-Land Title, &c., Co.* v. *Stout, 117 N. J. Eq. 37; 175 Atl. Rep. 128; Zinkas* v. *Patrick, 127 N. J. Eq. 178; 12 Atl. Rep. (2d) 161.* Hence notwithstanding the recognition we apparently continue to give to the principle that we do not, on review, disturb the "discretionary" power of the "Chancellor" to make an allowance to counsel unless there is an abuse of discretion, the fact is that we make our independent findings as to whether such allowance is or is not based upon sound reason, fairness and justice. Reference to a few of the many typical cases should suffice. Is the allowance "fair and reasonable?" *Grubman* v. *American General Corp., 132 N. J. Eq. 372, 373; 28 Atl. Rep. (2d) 184.* Is there "justification" for it? *Dolan Dining Co.* v. *Cooks, &c., Local No. 399, supra.* Is it "proper?" *Rothenberg* v. *Franklin-Washington Trust Co., 131 N. J. Eq. 463, 465; 25 Atl. Rep. (2d) 879.* Is it "excessive?" *Glaser* v. *Achtel-Stetter's Restaurant, 106 N. J. Eq. 150, 156; 149 Atl. Rep. 44; Barr* v. *Belmar, supra.* Only recently (April 20th, 1944), we had occasion to consider the asserted inadequacy of a counsel fee. We found that it was inadequate and

increased it accordingly. *Armour* v. *Armour, 135 N. J. Eq. 47; 37 Atl. Rep. (2d) 29.*

Thus the fact that counsel takes the position that the allowance made to him is "inadequate" and not that it was the result of an "abuse of discretion" does not preclude an increase of the allowance if in sound reason, fairness and justice he is entitled thereto.

I think that the allowance made is entirely inadequate for the capable services which the solicitor rendered and the extraordinary result he accomplished. *Cf. Fountain* v. *Booth & Flinn, 123 N. J. Law 422, 424; 10 Atl. Rep. (2d) 275; Rothenberg* v. *Franklin-Washington Trust Co., supra.* A detailed statement of the issues, the nature of the services involved, and the result obtained can better be understood upon a reading of the opinion on the litigation which the solicitor for the complainant prosecuted and which litigation was strongly defended. *Cintas* v. *American Car and Foundry Co., 131 N. J. Eq. 419; 25 Atl. Rep. (2d) 418; affirmed, 132 N. J. Eq. 460; 28 Atl. Rep. (2d) 531.* It should suffice to observe that the result of that contested litigation was the recovery of $2,399,540.50 for some 5,600 preferred stockholders of whom Maranwood Corporation, controlled by defendant American Car and Foundry Co., and owners of 800 shares of preferred stock alone opposed allowances. The allowance to counsel is about 1-1/3% of the amount recovered. The average allowance in stockholders' derivative suits runs, conservatively estimated, between 10% and 33-1/3% of the total recovery. *Cf. 39 Columbia Law Review (1939), 784-814; 42 Ibid. (1942), 574, 587.*

I think that the final allowance should have been $75,000 and not $31,839.50.

Mr. Justice Bodine, Mr. Justice Donges, Judge Rafferty, Judge Hague, Judge Thompson and Judge Dill join in this opinion.

No. 220—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, HEHER, PORTER, COLIE, DEAR, WELLS, JJ. 8.

*For modification*—BODINE, DONGES, PERSKIE, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 7.

No. 221—

*For affirmance*—None.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

No. 222—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.