### JOHN E. ANDRUS v. THE BAY CREEK RAILWAY COMPANY.

A landowner cannot recover from a railroad company for counsel fees and other expenses incident to condemnation proceedings regularly instituted by the company and afterwards discontinued.

---

In tort. On demurrer to *narr*.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Charles H. Hartshorne*.

For the defendant, *Charles L. Corbin*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The declaration which has been demurred to contains two counts, which, as to their legal aspects, are substantially alike. Their gravamen is to this effect, that the plaintiff was the owner of certain lands, a portion of which the railway company, the defendant, proceeded by due course of law to have condemned for the uses of its road. This procedure is set out at length and is regular in all its parts. The counts then state that when the commissioners were about to make their report the defendant discontinued its proceedings, and the conclusion is that, by this course of action, the plaintiff was put to great loss by reason of having been obliged to spend large sums in counsel fees and otherwise.

At the argument, the court intimated with some emphasis that the demurrer should be sustained, and subsequent reflection has served only to intensify that conviction.

The difficulty with the case laid is that it exhibits a loss to the plaintiff produced by entirely legal conduct on the part of the defendant. It is a clear case of *damnum absque injuria.* There was no legal wrong done to the plaintiff by the institution of this procedure nor of its discontinuance. In all this there was no abuse of legal process. That an action will not lie in such a condition of facts has always been the doctrine of the courts of this state. Over eighty years ago it was so declared after full examination of the authorities. *Potts* v. *Imlay,* 1 *South.* 330, is the case referred to, the basis of the suit being that the defendant had harassed the plaintiff by a series of suits in the justice's court for the same alleged cause of action, and which had been successfully discontinued. In his opinion in the case, Chief Justice Kirkpatrick says: "Upon the whole, upon the strength of these authorities, I think it may be laid down as law that this action cannot be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction, by the party himself in interest, unless the defendant has, upon such prosecution, been arrested without cause and deprived of his

liberty or made to. suffer other special grievance, different from and superadded to the ordinary expense of a defence." This case was cited with approval by this court in *Bitz* v. *Meyer*, 11 *Vroom* 255. The rule maintained in the English courts, in many cases, is just as stringent as our own. 2 *Add. Torts*, § 863.

The decisions cited by the counsel of the plaintiffs are in nowise in point, as they rest upon the principle that when an appeal is made for judicial discretion in the dismissal of one of the proceedings in question, it is competent for the tribunal to impose terms requiring the payment of expenses to the landowner. Whether such a course would be pursued in this state, under the circumstances stated, it is not, on the present occasion, necessary to decide.

Let the demurrant take judgment.