LIONEL P. KRISTELLER, PLAINTIFF-RESPONDENT, v. THE FIRST NATIONAL BANK OF JERSEY CITY, DEFENDANT-APPELLANT.

LIONEL P. KRISTELLER, PLAINTIFF-RESPONDENT, v. J. I. KISLAK, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellants, *John I. O'Neill* (*Alex R. DeSevo*, of counsel).

For the respondent, *Saul J. Zucker*.

The opinion of the court was delivered by

HEHER, J. The object of each action was the recovery—by the attorney of the prevailing party—of costs taxed on an order of the Supreme Court staying the operation of an order directing the issuance of an execution against the wages of William Berkowitz, defendants' judgment debtor, and a levy thereunder of fifteen per cent. of such wages.

After the rendition of the judgments against Berkowitz, he filed a petition in bankruptcy. Objections to his discharge

were interposed; and, on the assumption that the discharge would be long delayed or eventually withheld, defendants, represented by the same attorney, procured the orders for execution upon his wages. At the instance of Berkowitz, the orders staying the respective executions were entered. These orders carried costs. Upon the refusal of defendants to pay the costs so assessed, the actions were instituted. The answers introduced were struck out as frivolous; and from the consequent judgments defendants appeal.

In substance, the common defense set up in the answers is that respondent has no cause of action for the following reasons, viz.: (1) failure to make *immediate* service of a copy of the taxed bill of costs; (2) the sole remedy is by execution in the cause; and (3) the costs are offset by appellant's judgment against Berkowitz.

The first point made on the brief is that the principle of set-off is apposite. Courts of law are possessed of an authority—purely equitable in nature—to apply the doctrine of set-off to mutually enforceable judgments when dictated by considerations of equity and substantial justice. But this is in virtue of their inherent power to control their own suitors and the execution of their process; hence, it is to be exercised by the court wherein resides the judgment against the party seeking satisfaction by way of set-off. *Brown* ads. *Hendrickson,* 39 *N. J. L.* 239; *McAdams* v. *Randolph,* 42 *Id.* 332; *Brookfield* v. *Hughson,* 44 *Id.* 285; *Terney* v. *Wilson,* 45 *Id.* 282; *Schautz* v. *Kearney,* 47 *Id.* 56; *Phillips* v. *MacKay,* 54 *Id.* 319.

Moreover, while the question has evoked sharply conflicting views in other jurisdictions, it is now the settled rule in this state, lately reaffirmed by this court, that costs—as distinguished from disbursements not actually made by the attorney—though awarded to the client, are the property of his attorney. *Brown* ads. *Hendrickson, supra; Schautz* v. *Kearney, supra; Phillips* v. *MacKay, supra; Columbia Insurance Co.* v. *Artale,* 112 *N. J. Eq.* 505; *affirmed,* 114 *Id.* 268. The equity of the set-off, if the right be conceded for present purposes, does not rise superior to the attorney's

absolute interest in the costs. And so the fact that the costs were taxed on an order relating to the enforcement of the very judgment claimed to be the proper subject of set-off is without significance.

Next, it is urged that it was incumbent upon respondent to proceed by petition in the cause for the enforcement of the right.

While this question is also controversial, it is the general rule that an action *in assumpsit* or debt will lie for the recovery of costs such as these where the court in which the cause reposes lacks authority to reduce the costs to judgment, enforceable by execution, or, it may be added, where that course is not sanctioned by practice. *Baird* v. *Johnson,* 14 *N. J. L.* 120; *Cole* v. *Lunger,* 42 *Id.* 381; *Friedlander* v. *Grand,* 114 *Id.* 548. See, also, 15 *C. J.* 298, 310.

Where costs are an incident of a common law judgment, their payment can be enforced only by the ordinary process of execution. They are considered a part of the judgment, and there is therefore no occasion to resort to an independent proceeding designed to reduce them to judgment for the purpose of enforcing payment by execution. *Ritter* v. *Kunkle,* 39 *N. J. L.* 618; *Aspinwall* v. *Aspinwall,* 53 *N. J. Eq.* 684. But, in the absence of statutory authority, an interlocutory order for the payment of costs is not enforceable by this process. The remedy is by common law attachment for contempt. *Gilliland* v. *Rappleyea,* 15 *N. J. L.* 138; *Ritter* v. *Kunkle, supra; Aspinwall* v. *Aspinwall, supra.*

Yet, assuming this to be an available remedy in all such cases, it is certainly not exclusive under the instant circumstances. Where, as here, the costs are not incident to a common law judgment, but were incurred in proceedings subsequent thereto, there is no principle which denies to the prevailing party the right to treat the obligation thus created by the subsidiary or independent order as a debt, and to sue *in assumpsit* or debt for its enforcement, rather than to invoke a proceeding for the imprisonment of the defeated party. See *Passaic National Bank and Trust Co.* v. *Eelman,* 116 *N. J. L.* 279. As stated, where the costs are an incident of a

judgment, such a coercive measure may not be employed for their recovery. It is also to be noted that the debtors in the instant case are bodies corporate.

Our attention has not been directed to any statute prescribing a different remedy. Neither section 229 of the Practice act of 1903 (*Comp. Stat.* 1910, *p.* 4123) nor chapter 201 of the laws of 1914 (*Pamph. L., p.* 410) is applicable. The first relates to the costs incident to a judgment, while the second grants to the attorney, after the institution of an action at law or suit in equity, "a lien for compensation upon his client's cause of action" and the ensuing verdict and judgment or decree, enforceable in the court in which the action "is pending."

While respondent took an assignment from his client, Berkowitz, it did not add to or detract from his primary right to the costs; and there is therefore no substance in the contention that, by reason of the assignment, respondent's right of recovery "is subject to any defense" the judgment creditor has against his client.

The point addressed to the sufficiency of the complaint, based as it is on a plain clerical error in the statement of the chapter number of the act under which the costs were taxed, is obviously frivolous, and therefore merits no discussion.

The failure to make *immediate* service of a copy of the taxed bill of costs is not fatal. This statutory provision (chapter 366 of the laws of 1911, page 756; chapter 111 of the laws of 1927, page 204) is directory merely. It is not a prerequisite to the cause of action that there be a strict literal compliance therewith. The evident purpose of the provision is to require an adjudication, with reasonable promptitude, of the fairness of the costs so taxed without notice.

And the point that the bill of costs did not, as required by the last-cited statutes, have attached thereto an affidavit "to the effect that the items of disbursements therein set forth" were "necessarily incurred" and were "reasonable in amount," was not raised below, and is therefore not available to appellants here. It is to be observed that the bill of costs set forth no disbursements except the clerk's filing fees.

The question of respondent's capacity to sue in his own name—with or without the joinder of his client—for the recovery of the costs so assessed has not been mooted, and therefore need not be considered.

The judgments are accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.