TOWNSHIP OF TEANECK, IN THE COUNTY OF BERGEN, NEW JERSEY, PROSECUTOR, v. JAMES W. MERCER, CLERK OF BERGEN COUNTY, NEW JERSEY, RESPONDENT, AND ARTHUR A. DONIGIAN, EDWARD O. WEST, FRANK W. ELLIG, GEORGE HEFTLER, JAMES BOYD, JAMES BINKOV AND EVA BINKOV, DEFENDANTS.

Submitted January 17, 1939—Decided June 12, 1939.

Before BROGAN, CHIEF JUSTICE, and Justice HEHER.

For the prosecutor, *Donald M. Waesche.*

For the defendants, *Ellig & Donigian (Edward O. West,* of counsel).

PER CURIAM.

The township of Teaneck instituted proceedings to condemn, for public park purposes, lands of the defendants Binkov. The commissioners made an award of $6,720, whereupon the township abandoned the proceedings. Subsequently, the defendant Donigian, an attorney-at-law of this state, presented a petition to Mr. Justice Bodine, alleging that "he with the assistance of Edward O. West, a counsellor-at-law of

New Jersey, who acted as co-counsel, George Heftler of the office of Platoff & Platoff, counsellors-at-law, who heretofore represented the owners aforesaid, James Boyd, a real estate appraiser and with Frank W. Ellig, petitioner's law partner, prepared the case of the property owners and represented them at the hearings before the condemnation commissioners;" that "petitioner spent eight days in the preparation and trial of this matter, petitioner's partner spent three days, George Heftler spent two days, James Boyd spent six days and Edward O. West spent four days;" and that "on the basis of this award counsel fees of $2,040 were agreed upon;" and praying that "costs, expenses and counsel fees in the sum of $1,560 be paid herein." The township answered, denying liability. An order was made, after hearing upon the petition, answer and affidavits, directing that "costs, expenses and counsel fees in the sum of $550 be paid by the township of Teaneck to Ellig and Donigian;" and, upon the application of the municipality, a writ of *certiorari* was allowed to review this order.

The first point made by prosecutor is that "neither the Supreme Court, nor a justice thereof has power to order the payment of costs, expenses or counsel fees in an eminent domain proceedings." It is not well made.

The statute provides that condemnation proceedings may be abandoned at any time before the filing of the report of the commissioners, or within twenty days thereafter, "upon payment to the owners and other parties who have appeared before the commissioners * * * of their reasonable costs, expenses and counsel fees to be determined by a justice of the Supreme Court or a judge of the Circuit Court, and upon filing a discharge of the notice of *lis pendens.*" *R. S.* 1937, 20:1-30.

Plainly, this vests in the individual justice of this court authority to determine the landowner's "reasonable costs, expenses and counsel fees."

It is also urged that the justice exercising this jurisdiction "cannot order the payment of such costs." The point is frivolous.

It is also argued that it is a prerequisite to the making of such an order that the landowner shall have "actually paid or * * * actually obligated himself to pay * * * costs, expenses or counsel fees," and that here there was no such obligation, and the landowners "have not asked any Justice of the Supreme Court to fix their reasonable costs, expenses and counsel fees."

We think that the evidence afforded a sufficient basis for a finding of an obligation by the landowners to pay counsel fees and expenses. The statute clearly contemplates that, upon such abandonment of condemnation proceedings, there shall be an allowance of the "reasonable" costs, expenses and counsel fees.

And it is not suggested, nor is there anything to indicate, that, in thus petitioning for the exercise of the statutory authority to fix costs and counsel fees, the petitioning attorney was not seeking, with the approval of the landowners, the enforcement of their statutory right. Moreover, such costs and counsel fees, though awarded to the client, are the property of the attorney. *Kristeller* v. *First National Bank of Jersey City*, 119 *N. J. L.* 570.

The order is accordingly affirmed, with costs.