TOWNSHIP OF TEANECK, IN THE COUNTY OF BERGEN, NEW JERSEY, PROSECUTOR-APPELLANT, v. JAMES W. MERCER, CLERK OF BERGEN COUNTY, NEW JERSEY, RESPONDENT-RESPONDENT; ARTHUR A. DONIGIAN, EDWARD O. WEST, FRANK W. ELLIG, GEORGE HEFTLER, JAMES BOYD, JAMES BINKOV AND EVA BINKOV, DEFENDANTS-RESPONDENTS.

Submitted October 27, 1939—Decided January 25, 1940.

For the prosecutor-appellant, *Donald M. Waesche.*

For the defendants-respondents, *Ellig & Donigian* (*Frank W. Ellig*).

The opinion of the court was delivered by

CASE, J. The Township of Teaneck instituted, before Mr. Justice Bodine, proceedings under *R. S.* 20:1-1 *et seq.*, to condemn the property of James Binkov and Eva Binkov,

husband and wife, for park purposes. The proceedings moved regularly to the filing of the report by the commissioners in condemnation. Thereafter the township, by action of its governing body, resolved that the condemnation proceedings be abandoned, that the notice of *lis pendens,* filed in accordance with the statute, should be discharged and that "any costs, expenses and counsel fees of the owners, as fixed and determined by a justice of the Supreme Court, be paid as required by law." The directions of the resolution were carried out with the exception of the payment of costs, expenses and counsel fees. Messrs. Ellig & Donigian, attorneys-at-law, who, on the appearance of its Mr. Donigian, had represented (with others hereinafter mentioned) the owners in the condemnation, applied for and were allowed, by order of Mr. Justice Bodine, the sum of $550 "costs, expenses and counsel fees * * * be paid by the Township of Teaneck." The Supreme Court, under its writ of *certiorari,* reviewed and affirmed the order.

The township appeals and presents as its first point that Mr. Justice Bodine had no jurisdiction to make the order. The proceeding is statutory. The authority of a justice under the present statute is not exhausted by the appointment of commissioners. Aside from the powers set up in *R. S.* 20:1-30, *infra,* the justice has authority (*R. S.* 20:1-14) to tax and allow costs, fees and expenses of commissioners, clerks and other persons performing any of the duties prescribed in the first thirteen sections of the chapter and (*R. S.* 20:1-31) to make such further orders and direct such further proceedings and permit such amendments as may appear reasonable or as may promote the public purposes for which the power to condemn was conferred.

*R. S.* 20:1-30 provides:

"Any proceedings to condemn taken under this chapter may be abandoned at any time before the filing of the report of the commissioners, or at any time within twenty days after filing of said report, or if the issue is tried by jury, within twenty days after the rendering of the verdict of the jury, upon payment to the owners and other parties who have appeared before the commissioners or the jury of their rea-

sonable costs, expenses and counsel fees to be determined by a justice of the supreme court or a judge of the circuit court, and upon filing a discharge of the notice of *lis pendens.*"

The only real question which we see in the appeal is whether the power of the justice to determine the reasonable costs, expenses and counsel fees carries the authority to direct payment by the public body which initiated and thereafter abandoned the proceedings to condemn. We think that it does and that the provisions of section 30, together with the authority in section 31 to "make such further orders * * * as may appear reasonable," give to the justice jurisdiction to direct a municipality which has initiated condemnation proceedings and then has abandoned them to pay the amounts which he determines. Giving words their ordinary and usual meaning, that, in our opinion, was the intent of the legislature. The statutory right of the township to abandon the proceedings to condemn is conditioned upon the payment of the reasonable costs, expenses and counsel fees. The township has abandoned. The condition must, in some way, be met. The logical and, we think, the statutory method is that which was followed in this case. There is no conflict between the owners and the petitioners for the allowance and no suggestion that the application had not the approval of the owners. We see no barrier in the fact that the petition was filed directly by or in behalf of those who are to receive the payment. An owner could not capitalize to his gain allowances made nominally to him but actually for his attorney. *Cf. Kristeller* v. *First National Bank,* 119 *N. J. L.* 570 (at *p.* 572). If an owner were allowed $500 counsel fee, he would not be at liberty to pay $200 to his attorney and pocket the remaining $300 as a personal profit. On the review under the writ the Supreme Court, whose factual findings we do not disturb, determined from the evidence that there was an obligation upon the owner to pay counsel fees and expenses. We consider, however, that the measure of an allowance is not the amount which the owner has paid or that which in strict law he could upon suit be obliged to pay the attorney or other claimant, but rather that which, under all of the circumstances, is reasonable. *Cf. R. S.* 2:29-131 (Chancery

Practice) "* * * the Chancellor may make such allowances by way of counsel fee to the party obtaining the order or decree as shall seem to him to be reasonable and proper * * *."

All of the papers from the application for appointment of commissioners on down appear to have been entitled in the Supreme Court. The proceedings to condemn were not in the Supreme Court; neither was the application for allowances. Mr. Justice Bodine sat as a statutory tribunal; the papers should have been appropriately entitled, and those with which this appeal is concerned may be amended accordingly.

Appellant next argues that such an allowance as that under appeal could not be made at common law, that statutes in derogation of the common law are to be strictly construed and that an allowance of costs and counsel fees should be strictly within the limitations of the statute. This, we think, is disposed of by our finding, already stated, that the allowance was within the authority of the statute.

It is said finally that Mr. Donigian was not retained by the owners and that any service rendered by him or his firm should be presumed to be gratuitous. That contention is not well made. In addition to the already mentioned relations with the clients, it is in the uncontradicted proofs that Mr. Donigian, his law partner Frank W. Ellig, Edward O. West, a counselor-at-law of Hackensack, and George Heftler, with the law firm of Platoff & Platoff, general attorneys for the owners, performed, in co-operation, all of the legal services relating to the condemnation proceedings and that Mr. Donigian was designated by the group of associated attorneys to act as the attorney of record, that James Boyd, an experienced real estate appraiser, examined the property, reported to the attorneys and testified before the commissioners. All of these men made affidavits supporting and attached to the petition. The allowance was made for "costs, expenses and counsel fees" and was, as we understand, without suggestion to the contrary, a comprehensive allowance for all of these purposes.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.