JOHN KEAN and MARY ALICE BARNEY KEAN, his wife, complainants-respondents,

*v.*

THE UNION COUNTY PARK COMMISSION, a body politic of the County of Union and State of New Jersey, defendant-appellant.

[Submitted May term, 1941.   Decided October 20th, 1941.]

*Mr. David Armstrong,* for the appellant.

*Mr. Fred W. DeVoe (Mr. Francis A. Gordon,* of counsel), for the respondents.

The opinion of the court was delivered by

COLIE, J.

The Union County Park Commission appeals from an order of the Court of Chancery, dated March 10th, 1941, whereby it was "enjoined and commanded to desist and refrain from proceeding further against the complainants in the condemnation proceeding commenced November 15th, 1940, in so far only as such proceeding relates to and embraces the taking of complainants' lands described in the proceedings instituted by the said defendant, Union County Park Commission, a body politic of the County of Union and State

of New Jersey, on June 12th, 1931, until the further order of this Court in the premises."

On June 12th, 1931, the Union County Park Commission (hereinafter referred to as Park Commission) commenced condemnation proceedings against John Kean and Mary Alice Barney Kean (hereinafter referred to as the Keans) seeking to acquire for park purposes 22.6 acres of land in the Township of Hillside, Union County. The 22.6 acres was part of a larger tract of 28.2 acres owned by the Keans. On June 15th, 1931, notice of *lis pendens* was filed and on June 23d, 1931, three commissioners were appointed by Mr. Justice Case and ordered to report on or before September 10th, 1931. On July 11th, 1931, the Keans sued out a writ of *certiorari* to review the order appointing commissioners. A return was made to the writ, reasons filed and thereafter no steps taken until January, 1932, when the Supreme Court dismissed the writ for failure of the prosecutors to prosecute diligently. *Kean v. McLeod, 10 N. J. Mis. R. 118; 158 Atl. Rep. 106.* In the *interim* between June 15th, 1931, the date of institution of the condemnation proceedings, and January 20th, 1932, when the *certiorari* proceedings were dismissed, the powers of the commissioners ceased since no report was made within the time limited in the order appointing them. *R. S. 20:1-10.* Thus the matter rested, without any legal steps by either party, until July 26th, 1940, when, in accordance with resolutions of the Park Commission, the notice of *lis pendens* filed in 1931 was discharged and four months later the Park Commission filed a petition seeking to condemn the 28.2 acre tract. Hearing on the Park Commission's application for appointment of commissioners was continued from time to time but before the appointment of commissioners, the Keans filed a bill in Chancery praying for a restraint of the 1940 condemnation proceedings. After argument on the order to show cause the Vice-Chancellor advised the order of March 10th, 1941, restraining the Park Commission as hereinabove set forth.

From the schedules annexed to the bill of complaint and the answering affidavit of the Park Commission, it appears that in 1931 the Park Commission offered and the Keans

refused $43,000 for the 22.6 acre tract; that it had been appraised, as of June 12th, 1931, at $78,000 and as of November 15th, 1940, at $39,000; also that in September, 1930, the entire 28.2 acres were appraised at $128,569. It further appears that from 1932 through 1939 the acquisition of the Kean property was under consideration and in January, 1940, the minutes of the Park Commission read: "the previous offer of Commission having been refused, Counsel and Secretary were ordered to proceed to acquire this tract by condemnation proceedings," and on April 12th, 1940, the minutes show that Captain John Kean was willing to consider an offer of $36,000 and that the Commission then ordered that $31,000 be offered. Three months later counsel for the Park Commission was directed to take the necessary steps to abandon the 1931 proceedings.

The primary question for decision is whether the Park Commission had the right to discontinue the 1931 proceedings and thereafter institute the 1940 proceeding and the secondary question is whether, if it had such right, did it exercise it properly?

The right of eminent domain is governed by statute in this state. *R. S. 20:1 et seq. R. S. 20:1-30,* as amended, reads:

"Any proceeding to condemn heretofore or hereafter taken under this chapter may be abandoned at any time before the filing of the report of the commissioners, or at any time within twenty days after filing of the report of the commissioners, or if the issues shall be tried by jury within twenty days after the rendering of the verdict of the jury, upon payment to the owners and other parties who have appeared before the commissioners or the jury of their reasonable costs, expenses and counsel fees to be determined by a justice of the Supreme Court or judge of the Circuit Court, and upon filing a discharge of the lien of the notice of *lis pendens.*"

Thus we find that the legislature has given the condemning agency the right to abandon within twenty days after the filing of the commissioner's report or jury's verdict upon payment of reasonable costs, expenses and counsel fees. In the present case no commissioner's report has been filed nor jury's verdict rendered so that in no event would the Keans, in the present state of the matter, be entitled to costs. In *Teaneck*

*Township* v. *Mercer, 124 N. J. Law 120,* this court said: "The statutory right of the township to abandon the proceedings to condemn is conditioned upon the payment of the reasonable costs, expenses and counsel fees. * * * The condition must, in some way, be met." That case dealt with a situation where the proceeding had progressed so far that, under the statute, the party whose property was sought to be taken had the right, upon an abandonment, to be paid its reasonable costs. Such is not the present case. On the facts presented to us we find that the condemnation proceeding of June 12th, 1931, has been legally abandoned. Our finding that the first proceeding had been legally abandoned makes unnecessary a decision on the question of the right of Chancery to take jurisdiction of a cause such as this where an adequate remedy at law by writ of *certiorari* exists.

An examination of the opinion filed in the court below indicates that a further ground for the granting of the injunction is that the Keans will be denied their constitutional right of just compensation and will suffer irreparable injury if the 1940 proceeding is allowed to go forward to a conclusion. Respondents herein cite no authority in their brief to sustain the claim of irreparable damage and we follow the view that the owner of property who suffers damage by reason of condemnation proceedings subsequently legally abandoned does not have a right of action for damages, such loss being *damnum absque injuria. 18 Am. Jur. 1013.*

The order appealed from is reversed, and the bill dismissed.

*For affirmance*—DONGES, THOMPSON, JJ. 2.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, JJ. 12.