33 N.J. Super. 11 (1954)
109 A.2d 287
THE TEXAS PIPE LINE COMPANY, A TEXAS CORPORATION, PLAINTIFF-RESPONDENT,
v.
WILSON A. SNELBAKER AND RUTH L. SNELBAKER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 25, 1954.
Decided November 5, 1954.
*12 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. James Hunter, III, argued the cause for plaintiff-respondent (Messrs. Archer, Greiner, Hunter & Read, attorneys).
*13 Mr. Howard G. Kulp, Jr., argued the cause for defendants-appellants (Messrs. Brown, Connery, Kulp & Wille, attorneys).
Before us appellants contend they should be allowed: (1) $784.75 for expenses; (2) $3,500 for counsel fee for services in the trial divisions; (3) $350 counsel fee for services on this appeal, plus costs and expenses.
Plaintiff filed a complaint seeking to condemn certain rights in lands of appellants Snelbaker by authority of N.J.S.A. 48:10-1. Upon the return of the order to show cause commissioners were appointed by Judge Woods, appellants reserving the right to question the condemnation proceedings. Subsequently appellants filed an answer and counterclaim; the counterclaim was answered. Thereafter leave was granted to appellants to try the case as a plenary action.
The issues were tried by Judge Woods sitting without a jury and on March 19, 1954 judgment was rendered in favor of plaintiff. Defendants immediately filed notice of appeal and tried unsuccessfully to stay the proceedings before the commissioners. Thereafter trial before the commissioners was held on April 8, 1954 and defendants were awarded the sum of $4,044. Plaintiff took an appeal from this award. On April 29, 1954 the defendants were notified by plaintiff that the proceedings to condemn the land had been abandoned by plaintiff under N.J.S.A. 20:1-30 which provides that on abandonment the condemning party shall pay the landowners "their reasonable costs, expenses and attorney fees *14 as determined by the court * * *." On application to the trial court for costs, expenses and attorney's fees, the order was entered which is the subject of this appeal.
Appellants submit plenary proof (and it is not disputed by respondent) of the exacting and comprehensive work performed by their counsel. They contested every step in the proceedings; set up 14 separate defenses in their answer as the basis of their counterclaim and to restrain plaintiff's condemnation proceedings; took depositions of one of plaintiff's officers; made a trip to Washington, D.C., to inspect governmental records; applied for and obtained an order to examine documents; participated in the trial before the commissioners and prepared and had printed the appendix and briefs on plaintiff's appeal from the commissioner's award. The same proof of services submitted to us was submitted to Judge Woods and was used on oral argument before him on the application under N.J.S.A. 20:1-30.
Judge Woods presided in every step of this case from the signing of the order to show cause through the granting of the order which is the subject matter of this appeal  with the exception of the hearing before the condemnation commissioners. Judge Woods was therefore thoroughly aware of the services rendered by appellants' counsel. Although not clearly set forth in appellants' brief, respondent quite properly contends that appellants' position must be that the trial court abused its discretion in not awarding appellants' counsel the requested amounts and therefore committed reversible error.
N.J.S.A. 20:1-30 was interpreted in Township of Teaneck, Bergen County, v. Mercer, 122 N.J.L. 546, 547 (Sup. Ct. 1939), affirmed 124 N.J.L. 120 (E. & A. 1940). In that case alleged legal services were rendered covering 17 days and real estate expert's services covering six days; counsel fees of $2,040 were agreed upon by the attorneys and the owners; and on the application under the statute $1,560 was sought for "costs, expenses and counsel fees." The trial court awarded $550 and the award was sustained in the *15 Supreme Court and in the Court of Errors and Appeals. Mr. Justice Case for the Court of Errors and Appeals said: (124 N.J.L., at page 122)
"We consider, however, that the measure of an allowance is not the amount which the owner has paid or that which in strict law he could upon suit be obliged to pay the attorney or other claimant, but rather that which, under all of the circumstances, is reasonable."
It may be that in some cases the award of counsel fees may be larger than could be expected from clients, Hutchinson Box Board & Paper Co. v. Van Horn, 299 F. 424 (C.C.A. 8 1924), or it may be smaller, McWilliams, Jr., Co., Inc. v. Missouri-Kansas Pipe Line Co., 21 Del. Ch. 308, 190 A. 569 (Ch. 1936). But we must keep in mind that apart from contract, statute or rules of court a litigant must pay his own counsel fees. Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A.L.R. 1145.
Since N.J.S.A. 20:1-30 provides that "reasonable costs, expenses and attorney fees as determined by the court" shall be awarded, the Legislature lodged discretion in the trial court and intended not to compel the payment of all the costs, expenses and attorney's fees incurred by an owner but only so much as the court would deem reasonable. Since the amount of the fees is not fixed by statute, the trial court has the power to fix the amount and unless appellants can show that the court abused its discretion and thereby committed reversible error, the Appellate Division should not interfere. Barr v. Borough of Belmar, 118 N.J. Eq. 279 (E. & A. 1935); 20 C.J.S., Costs, § 218, Attorney's Fees, p. 455. Our analysis of the record indicates that Judge Woods in effect allowed appellants all their disbursements and a counsel fee of $1,000. Under all the circumstances of this case, the award was reasonable and Judge Woods did not abuse his discretion.
With reference to the application for a counsel fee on appeal, we cannot find any basis in N.J.S.A. 20:1-30 for it, nor has counsel submitted authority for the claim other than to contend that, if the award had been proper, the appeal *16 would have been unnecessary. In Katz v. Farber, 4 N.J. 333, 340 (1950), Mr. Justice Case stated:
"The rule as generally observed in the Court of Errors and Appeals, a strictly appellate jurisdiction, with respect to allowances for services in that court as distinguished from a review of the propriety of allowances in the lower courts, was that allowances were not made except in administration cases, will cases and divorce or maintenance cases."
Appellants' application for a counsel fee on appeal is denied. Since appellants are the losing parties on appeal, no costs are allowed to them.
The order of Judge Woods is affirmed but without costs.
The opinion of the court was delivered by SCHETTINO, J.S.C.
Appeal is taken by defendant-landowners from a Law Division order awarding them the sum of $1,800 as "reasonable costs, expenses and attorney fees" upon the abandonment of condemnation proceedings, under N.J.S.A. 20:1-30 on the ground that the award is inadequate.