936 A.2d 1023 (2007)
397 N.J. Super. 244
TOWNSHIP OF WEST ORANGE, a Municipal Corporation, Plaintiff-Respondent
v.
769 ASSOCIATES, LLC, a New Jersey Limited Liability Company; Defendant-Appellant, and
Maricusa Corp., a New Jersey Corporation; Local America Bank of Tulsa, a Federal Savings Bank; and American Cancer Society, New Jersey Division, Inc., Defendants.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 2007.
Decided December 24, 2007.
*1024 Marc J. Gross, Woodbridge, argued the cause for appellant (Greenbaum, Rowe, Smith & Davis, attorneys; Mr. Gross, of counsel; Christine F. Marks, on the brief).
Richard D. Trenk, West Orange, argued the cause for respondent (Trenk, DiPasquale, Webster, Della Fera & Sodono, attorneys; Mr. Trenk, of counsel; Joni Noble McDonnell and Alina Bankowski Wells, on the brief).
Before Judges COBURN, FUENTES and GRALL.
The opinion of the court was delivered by
FUENTES, J.A.D.
Defendant 769 Associates, LLC appeals from the order of the Law Division awarding it $154,721.56 as reimbursement for costs incurred in connection with the defense of this now-abandoned condemnation action filed by the Township of West Orange. The award ordered by the court amounted to a 61.56% reduction of defendant's original request.
Defendant submitted the reimbursement request pursuant to N.J.S.A. 20:3-26(b), which provides that:
If the court renders final judgment that the condemnor cannot acquire the real property by condemnation or, if the condemnation action is abandoned by the condemnor, then the court shall award the owner of any right, or title to, or interest in such real property, such sum as will reimburse such owner for his reasonable costs, disbursements and expenses actually incurred, including reasonable attorney, appraisal, and engineering fees.
[(Emphasis added.)]
Defendant now appeals, arguing that the trial court erred in reaching its conclusion as to the amount reimbursable under the statute. After a careful review of the record, and in light of the relevant statutory factors, we affirm in part and reverse in part, the order of the trial court fixing the amount of reimbursement. Our analysis will focus on the part of N.J.S.A. 20:3-26(b) relating to abandonment. Specifically, we are required to determine whether a court may disallow costs incurred by the property owner in an unsuccessful legal challenge of the condemnation, on the basis that such a taking was not in furtherance of a legitimate public purpose.
We now hold that, in the context of an abandonment, the right to recover costs and counsel fees is not contingent to any degree upon the success of the property owner's defense strategy. Under N.J.S.A. 20:3-26(b), a property owner is entitled to recover counsel fees and costs *1025 "actually incurred" challenging a condemnation action, even if that defense was ultimately rejected by our Supreme Court. Stated differently, to recover costs and professional fees in an abandonment setting, a property owner does not have to show a causal link between its legal efforts resisting the condemnation, and the condemning authority's decision to abandon the taking.
After the public entity abandons the condemnation action, a reviewing court must then fix the starting point at which costs incurred become recoverable. We thus further hold that, to qualify for reimbursement under N.J.S.A. 20:3-26(b), the costs incurred by the property owner must have occurred within the "four corners" of the condemnation action. That is, the costs must have been incurred by the property owner in direct response to being named a defendant in a proceeding initiated by the public entity pursuant to N.J.S.A. 20:3-8.
Here, a collateral action in lieu of prerogative writs initiated by 769 Associates challenging the West Orange Planning Board's approval of a related subdivision application, is ancillary to the condemnation action, and thus not within the scope of the reimbursement provisions of N.J.S.A. 20:3-26(b). Similarly, pre-litigation expenses, such as counsel fees incurred attending municipal hearings, costs of reproduction of municipal records, and transcription costs of sessions of the municipal governing body, are not recoverable, because they fall outside the "four corners" of the condemnation action.

I
The history of this condemnation action is set out in great detail in Township of West Orange v. 769 Associates, 172 N.J. 564, 568-71, 800 A.2d 86 (2002). We will thus not repeat it here. In that case, the Supreme Court upheld the municipality's assertion that this condemnation action was supported by a legitimate public purpose. Id. at 578, 800 A.2d 86. Thereafter, the matter returned to the Law Division for the appointment of condemnation commissioners pursuant to N.J.S.A. 20:3-12, and the preparation of expert reports. Before any determination of value, the parties entered into a consent agreement through which the municipality formally abandoned the condemnation action.
Defendant requested a total reimbursement of $402,476.82. The trial court based its decision to reduce the amount of defendant's application on the following factors: (1) lack of documentation; (2) effective date of reimbursement; (3) success of the claims asserted; and (4) consideration of the factors outlined in R.P.C. 1.5. Applying these criteria, the court conducted a detailed, individual review of the bills presented, ultimately disallowing $247,755.26 from defendant's application.
The trial court disallowed all claims not supported by proper documentation; this totaled $52,100.28. Defendant has not appealed this determination. The net claim before us is thus $350,376.54.

II

Effective Date of Reimbursement
The trial court determined that defendant was entitled to reimbursement for costs and expenses incurred in connection with certain events which occurred before the actual filing of the condemnation action. Relying on Englewood v. Veith Realty Company, 50 N.J.Super. 369, 376, 142 A.2d 663 (App.Div.1958), the court held that the statute authorized reimbursement of costs incurred in connection with certain pre-litigation activities, such as the bona fide negotiations required under N.J.S.A. 20:3-6.
*1026 The trial judge further found authority in Englewood to reimburse defendant for expenses incurred "while defending its property from the earlier date when a portion of its property was specifically targeted for condemnation by the Township in Ordinance No. 1342-95." According to the trial court, this Ordinance:
unambiguously identified Associates' property and disclosed the Township's intent to obtain an access strip through a portion of its land. Moreover, the ordinance conferred the authority to obtain the easement through eminent domain, a necessary pre-condemnation condition under N.J.S.A. 20:3-6. The reimbursement provisions of the Act entitle the condemnee, in certain circumstances defined in N.J.S.A. 20:3-26(b), to be reimbursed for costs and expenses incurred from the date that its property was identified for condemnation. Here, Associates' property was identified on July 11, 1995 when Ordinance No. 1342-95 was passed. Associates is entitled to reimbursement for actions taken to defend its property in response to the Township's adoption of the ordinance. Consequently, the Township's abandonment of the condemnation entitles Associates to reasonable fees, expenses, and costs from July 11, 1995.
We find no support for the trial court's conclusions in either the text of the statute or the legal principles discussed in Englewood.
It is a well-settled principle of statutory interpretation that a court must "first look to the words of the statute, and if the language is clear, [it must] interpret the statute consistent with its plain meaning." Fairway Dodge, L.L.C. v. Decker Dodge, Inc., 191 N.J. 460, 469, 924 A.2d 517 (2007). We thus begin our analysis by going directly to the words of the statute.
If the court renders final judgment that the condemnor cannot acquire the real property by condemnation or, if the condemnation action is abandoned by the condemnor, then the court shall award the owner of any right, or title to, or interest in such real property, such sum as will reimburse such owner for his reasonable costs, disbursements and expenses actually incurred, including reasonable attorney, appraisal, and engineering fees.

[N.J.S.A. 20:3-26(b) (emphasis added).]
A closer look at the emphasized language reveals that the right to reimbursement arises only in the context of a condemnation action. This conclusion is buttressed by both the absence of any references to pre-litigation activities, and the inclusion of statutory provisions defining key procedural markers.
The Eminent Domain Act of 1971, defines the word "action" as:
the legal proceeding in which
(1) property is being condemned or required to be condemned;
(2) the amount of compensation to be paid for such condemnation is being fixed;
(3) the persons entitled to such compensation and their interests therein are being determined; and
(4) all other matters incidental to or arising therefrom are being adjudicated.
[N.J.S.A. 20:3-2(g) (emphasis added).]
Black's Law Dictionary defines "legal proceeding" as "[a]ny proceeding authorized by law and instituted in a court or tribunal to acquire a right or to enforce a remedy." Black's Law Dictionary 906 (7th ed. 1999). In this light, there is simply no textual support for expanding a property owner's right to reimbursement to include costs incurred in matters outside *1027 the "four-corners" of the condemnation action.
A condemnation "action" is commenced when the public entity files a verified complaint in the Superior Court demanding judgment "to acquire the property being condemned, and for an order appointing commissioners to fix the compensation required to be paid." N.J.S.A. 20:3-8. We recognize that, as a jurisdictional prerequisite, a public entity must engage in bona fide negotiations with the property owner before the institution of the action. N.J.S.A. 20:3-6; State, by Com'r of Transp. v. Carroll, 123 N.J. 308, 316, 587 A.2d 260 (1991). Absent specific statutory authorization, however, we discern no legal basis to consider expenses incurred by the property owner in connection with such negotiations to be within the purview of the reimbursement provisions in N.J.S.A. 20:3-26(b).
We are also satisfied that the trial court's reliance on Englewood v. Veith Realty Company, supra, is misplaced. In Englewood, (a case decided thirteen years before the Legislature adopted the Eminent Domain Act applicable here), the court reviewed a property owner's right to recover costs incurred in connection with an abandoned condemnation action. The statute at issue read as follows:
Any action or proceeding under this chapter may be abandoned at any time before the filing of the report of the commissioners, or within twenty days thereafter, or in the event of an appeal therefrom, before the entry of the judgment on the appeal or within twenty days after the entry thereof, provided there is paid to the owner and any other party who appeared in the action or proceeding, their reasonable costs, expenses and attorney fees as determined by the court, and provided a discharge of the notice of lis pendens is filed.

[Englewood, supra, 50 N.J.Super. at 371, 142 A.2d 663 (emphasis added).]
The property owners argued, in pertinent part, that the statute as written required the condemning entity to pay all of their fees and costs. Id. at 376, 142 A.2d 663. Addressing appellants' argument based on the provisions of the statute, we reached the following conclusion:
Appellants also contend that the statutory words that the condemning party may abandon the proceedings provided there is paid by it to the owners "their reasonable costs, expenses and attorney fees" mean that all of the owners' costs, expenses and attorney's fees are to be paid. However, immediately following the quoted words we find the phrase "as determined by the court." These words, coupled with the word "reasonable," compel us to one conclusion, i.e., that if the Legislature meant to provide for the payment of all costs, expenses and fees, it would have used that word and would certainly have omitted not only the word "reasonable" but also the last quoted phrase.
[Ibid.]
Thus, rather than supporting the expansive view of coverage adopted by the trial court, the Englewood court construed the reimbursement provisions provided by the Legislature narrowly, guided exclusively by the text of the statute. Ibid. That text expressly authorized judicial oversight guided by a standard of reasonableness.
Here, the express terms of the Eminent Domain Act of 1971 provide reimbursement of relevant costs and expenses "if the condemnation action is abandoned by the condemnor." N.J.S.A. 20:3-26(b) (emphasis added). Unambiguously, these terms do not contemplate reimbursement of costs incurred in N.J.S.A. 20:3-6 involving pre-litigation negotiations.
*1028 In her memorandum of opinion, the trial judge also discussed with approval the limitation on recovery imposed by the Law Division in Essex County Improvement Authority v. RAR Development Associates, 323 N.J.Super. 505, 527, 733 A.2d 580 (Law Div.1999). Although not directly addressed by the parties here, in the interest of completeness, we are compelled to comment on Essex County's applicability to N.J.S.A. 20:3-26(b).
Relying on Kean v. Union County Park Commission, 130 N.J. Eq. 591, 22 A.2d 256 (E. & A.1941), the Essex County court held that, although there had been an abandonment of the condemnation action, plaintiff was not entitled to reimbursement under N.J.S.A. 20:3-26(b), because
the condemnation action has not progressed far enough to give [the property owner] a right to these costs. No condemnation commissioners have been appointed. These proceedings are still in their preliminary stages.
[Ibid.]
In our view, the error committed by the court in Essex County stems from its reliance on Kean, in which the Court of Errors and Appeals reviewed the provisions of an earlier, and now repealed, statute. That statute read as follows:
Any proceeding to condemn heretofore or hereafter taken under this chapter may be abandoned at any time before the filing of the report of the commissioners, or at any time within twenty days after filing of the report of the commissioners, or if the issues shall be tried by jury within twenty days after the rendering of the verdict of the jury, upon payment to the owners and other parties who have appeared before the commissioners or the jury of their reasonable costs, expenses and counsel fees to be determined by a justice of the Supreme Court or judge of the Circuit Court, and upon filing a discharge of the lien of the notice of lis pendens.
[Kean, supra, 130 N.J. Eq. at 593, 22 A.2d 256 (emphasis added).]
Applying this statutory language, the court in Kean held that the right to recover costs and fees was conditioned upon the public entity abandoning the condemnation "within twenty days after the filing of the commissioner's report or jury's verdict." Ibid.
Here, by contrast, there is simply no textual support in N.J.S.A. 20:3-26(b) for such a limitation. Under our current law, the only condition that must be satisfied to trigger the right of reimbursement is the abandonment of the condemnation action by the public entity. The point in time in which this occurs is not a relevant consideration in determining whether reimbursement is warranted.
We therefore hold that to qualify for reimbursement under N.J.S.A. 20:3-26(b), the costs incurred by the property owner must have been in direct response to being named a defendant in a legal proceeding initiated under N.J.S.A. 20:3-8. Collateral matters, including here an action in lieu of prerogative writs challenging the grant of a developer's subdivision application by the Planning Board, are outside the purview of the statute's reimbursement provision. Similarly, fees and costs incurred in any pre-condemnation action activities, such as attendance at municipal governing body sessions, are not reimbursable, because they are outside the "four corners" of the condemnation action.[1]

*1029 III

Applicability of R.P.C. 1.5
In reviewing a reimbursement request, the trial court must state with specificity which R.P.C. 1.5 factor supports any reduction ordered. See R.M. v. Supreme Court of N.J., 190 N.J. 1, 12-13, 918 A.2d 7 (2007). By way of example: (1) the court may reduce the requested award because the number of professional hours reported is not commensurate with the level of difficulty presented by the particular issue involved; (2) the work duplicates previously compensated work; (3) the number of attorneys assigned to the task is not warranted under the circumstances; and/or (4) the hourly rate requested for any particular attorney exceeds the rate charged by attorneys with equivalent or substantially similar professional experience and/or training.
Applying the R.P.C. 1.5 factors here, the trial court conducted a "reasonableness" analysis, and disallowed all of the fees incurred in connection with the action in lieu of prerogative writs, and 75% of the fees incurred in the unsuccessful challenge to the condemnation action. In reaching this conclusion, the court noted that defendant had not shown that the prerogative writs action was "particularly complex or novel, or that it precluded [the law firm from accepting] other employment." With respect to the 75% reduction of the fees incurred in the condemnation fight, the court noted that although the legal issues raised were "complex and novel," defendant's legal theory was "unsuccessful and the taxpayers cannot be made to bear the full costs of these fees."
Applying a combination of the factors dealing with the complexity and novelty of the issues, R.P.C. 1.5(a)(1), and the lack of success of the particular legal effort involved, R.P.C. 1.5(a)(4), the court made the following across the board reductions:

 Amount
 Amount Requested Reduction Awarded
 $ 29,211.30 100% -0-
 Prerogative Writ
 $161,751.79 80% $29,441.56
 Condemnation
 $ 10,000.00 100% -0-
 Condemnation
 $ 7,556.87 100% -0-
 Condemnation
 $ 663.50 80% $ 132.70
 Discovery/Condemnation
 $ 28,622.72 75% $ 7,155.68
 Condemnation
 $ 1,361.65 75% $ 340.41
 Discovery/Condemnation

The court approved the balance of the request, including a bill in the amount of *1030 $51,711.18 from an engineering, consulting and surveying firm for expert testimony presented in 1995 before the West Orange municipal planning board.
We begin our discussion of this issue by noting that nothing in the language of N.J.S.A. 20:3-26(b) authorizes a reviewing court to condition an award of reimbursement upon the success of the defense efforts mounted by the property owner. Unlike a traditional fee-shifting statute, which requires the applicant to show that he or she was the prevailing party as a precondition of awarding counsel fees, N.J.S.A. 20:3-26(b) only requires that the request be made after the public entity has abandoned the condemnation action:
if the condemnation action is abandoned by the condemnor, then the court shall award the owner . . . such sum as will reimburse such owner for his reasonable costs, disbursements and expenses actually incurred, including reasonable attorney, appraisal, and engineering fees.
[Ibid. (emphasis added).]
By using the words "shall award," the Legislature was clearly directing that, once abandonment has occurred, the right to reimbursement is automatic and absolute. Elizabeth Bd. of Educ. v. N.J. Transit Corp., 342 N.J.Super. 262, 271, 776 A.2d 821 (App.Div.2001). Thus, judicial oversight of the fees requested in any given case is limited to determining the reasonableness of the counsel fees charged. See Furst v. Einstein Moomjy, 182 N.J. 1, 21, 860 A.2d 435 (2004) (citing with approval the process outlined in Rendine v. Pantzer, 141 N.J. 292, 661 A.2d 1202 (1995)).
Here, to the extent that any award of fees and costs was based on the trial court's application of the factors outlined in Rendine, we discern no mistaken exercise of discretion. McGowan v. O'Rourke, 391 N.J.Super. 502, 507, 918 A.2d 716 (App.Div.2007). However, because in the context of an abandonment of a condemnation action, factor R.P.C. 1.5(a)(4) (referring to "the results obtained" in the litigation) is not a relevant consideration, we reverse the following reductions:

 Amount Awarded Amount Awarded
 Nature of Request By Trial Court By this Court
 (Reversed)
Fees Incurred from 2/11/98 to 12/21/02
covering defense of condemnation action. $ 7,155.68 $ 28,662.72
Court reporter fees depositions May 1999. $ 340.41 $ 1,361.65
Legal fees paid to Lum, Danzis, Drasco,
Positan & Kleinberg including work performed
by Mandelbaum firm; work performed
in the unsuccessful challenge to
condemnation action. $29,441.56 $147,207.79[2]
Legal research performed by law firm
Fernsterheim & Bean. -0- $5,000[3]
Copying costs discovery February/March
1999. $ 132.70 $ 663.50.
 __________ _____________
TOTAL: $37,070.35 $182,895.66

These calculations amount to a net increase *1031 over the fees and costs awarded by the trial of $145,825.31. Thus, the total amount of reimbursement that defendant is entitled to receive is $300,546.87 ($154,721.56 awarded by the trial court plus $145,825.31 awarded by this court).

IV

Conclusion
The judgment of the Law Division awarding defendant counsel fees and costs under N.J.S.A. 20:3-26(b) is affirmed in part and reversed in part. In the context of an abandonment of condemnation action, the right to recover costs and counsel fees is not contingent upon the success of the property owner's defense strategy. Furthermore, to qualify for reimbursement under N.J.S.A. 20:3-26(b), the costs incurred by the property owner must have occurred within the "four corners" of the condemnation action.
Affirmed in part and reversed in part.
NOTES
[1] Although the briefs submitted by the parties in this appeal addressed the issue of the effective date of reimbursement, we do not reduce any of the fees awarded by the court on this basis, because the Township did not file a cross-appeal seeking this type of affirmative relief.
[2] The amount requested by the property owner was $161,751.79. We reduced $14,544 from that request in deference to the trial court's findings based on R.P.C. 1.5(a)(1).
[3] The amount requested by the property owner was $10,000. We reduced $5,000 from that request in deference to the trial court's findings based on R.P.C. 1.5(a)(2).